Kurowski, Plaintiff in error, vs. The State, Defendant in error.

*April 29—May 24, 1910.*

*Witnesses: Limiting cross-examination: Discretion: Forgery: Evidence.*

1. The trial court has a broad discretion as to the extent to which details of conversation may be elicited on cross-examination. Limiting the cross-examination in that respect was not an abuse of discretion in this case, the essential parts of the conversations in question being before the court and jury, and the attitude of the witness being sufficiently disclosed to enable them to judge of the weight of her testimony.

2. In a prosecution for forging a deed conveying land of another to defendant's wife, evidence that a bank to which, after the forgery, the wife mortgaged the land had voluntarily given a quitclaim deed to the owner without consideration, was admissible.

ERROR to review a judgment of the circuit court for Sha-wano county: JOHN GOODLAND, Circuit Judge.   *Affirmed.*

The plaintiff in error, hereinafter called the defendant, was convicted of having forged a deed of premises owned by Pauline Janueska, who is the complaining witness.   He was sentenced to imprisonment for four years.

For the plaintiff in error there was a brief by *C. F. Dillett* and *P. J. Winter,* and oral argument by *Mr. Dillett.*

For the defendant in error the cause was submitted on the brief of the *Attorney General* and *Albert S. Larson,* district attorney.

SIEBECKER, J.   The complaining witness, on cross-exami-nation, testified to interviews between herself and defendant after she had been informed that the defendant was charged with having forged this deed.   'She admitted that they had discussed the subject of settling the matter upon a basis of reimbursing her for expenses incurred on account thereof. She also stated that the defendant proposed to pay her $500; that she might accept it if she were permitted to do so under the law; and that the defendant spoke of this arrangement with her at various times before and after his arrest.   She denied being the active party in the matter, and claimed that the defendant made the proposal and persisted in the offer. On her cross-examination the court excluded inquiry into the particulars of these various interviews with the defendant. The defendant was permitted to testify to details of them, and stated, in effect, that the complaining witness proposed such settlement, persistently besought him for the $500, and offered in consideration thereof to drop the criminal prose-cution.   It is urged that the cross-examination was unduly restricted respecting the particulars of these alleged inter-views.   The complaining witness had given her version thereof.   She denied having taken an active part in the mat-ter, and claimed that the defendant proposed and persisted in making the settlement.   It is evident that the court and

jury were in possession of the essential parts of these inter-
views, and that the complaining witness's attitude was suf-
ficiently disclosed to enable the court and jury to judge of the
weight of her evidence.   A trial court's judgment of the ex-
tent to which details of conversation may be elicited on cross-
examination is not to be confined to strict and narrow bound-
aries.   Within this rule, we find no prejudice in limiting
cross-examination of this witness so as to exclude some of the
particulars of these interviews.

It is further urged that the evidence showing that a bank
which, after the alleged forgery by the defendant, had ob-
tained a mortgage from defendant's wife on the premises in-
volved, and had voluntarily given a quitclaim deed to the
complaining witness without consideration, was improperly
received.   The argument is that the jury probably inferred
from this evidence that the defendant forged the deed.   The
effect of this deed was to remove the cloud upon the title
which defendant admitted he had wrongfully brought about.
It was relevant to the question of defendant's conduct in
dealing with the premises, and hence cannot be held to have
been erroneously admitted in evidence.

It is contended that prejudicial error was committed in
the admission of evidence as to defendant's general reputa-
tion for truth and veracity.   It is claimed that the questions
propounded to witnesses on this subject were not appropri-
ately framed to elicit information as to his general reputation
in this regard.   The record shows that the several questions
pertaining to this inquiry, when considered together, properly
covered the subject of defendant's general reputation under
investigation.

The remarks of the prosecuting attorney made before the
jury in summing up the case, which are claimed to have been
prejudicial to the defendant's rights, pertained to a transac-
tion which had been the subject of comment during the trial.
The court held that they were responsive to contentions of de-

fendant's counsel respecting defendant's knowledge of his right to mortgage the premises under his claim of holding the title under a voluntary conveyance from the complaining witness. The remarks were evidently directed to meet this claim of defendant, and they were not otherwise of an objectionable nature.

We discover no prejudicial error in the record.

*By the Court.*—Judgment affirmed.